# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES EARL WILSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:05-CV-1011-SNL |
| STAN BRANDON, | ) ) | |
| Defendant. | ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of plaintiff James Earl Wilson for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the

complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff seeks monetary relief, pursuant to 42 U.S.C. § 1983, against defendant Brandon, a Missouri State Board of Parole and Probation supervising officer. Plaintiff asserts that defendant issued a probation violation against him when a stay was in effect as a result of plaintiff's having filed a federal habeas corpus petition. Plaintiff alleges that the probation violation was written to deter him from making complaints because of F. B. I. and C. I. A. influence.

**Discussion**

Plaintiff's complaint is frivolous or fails to state a claim upon which relief may be granted, or both. Plaintiff's allegation that filing a habeas corpus petition acts as a stay such that his probation officer cannot issue a probation violation against him is nonsensical. The filing of a habeas corpus petition effectuates no stay of plaintiff's probation such that he can violate the conditions of his probation with impunity. Accordingly, the Court will dismiss plaintiff's complaint.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the instant action because plaintiff's complaint is frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 21st day of September, 2005.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**